UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. _____CV420-203_____ |
| | ) | |
| $170,640.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the United States of America, (the "United States" or the "Government"), by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and Xavier A. Cunningham, Assistant United States Attorney, and brings this Verified Complaint for Civil Forfeiture *In Rem*, with the following allegations:

## NATURE OF THE ACTION

1. *In Rem* civil forfeiture is permissible under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds

traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## JURISDICTION AND VENUE

3. The United States of America ("the United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801, *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper under 28 U.S.C. § 1395, as the defendant property accrued in the Southern District Georgia, and some of the acts described herein have a nexus to on-going criminal activity that is currently under Indictment in the Southern District of Georgia

## DEFENDANT PROPERTY

5. Defendant property is more fully described as: $170,640.00 in United States currency (hereinafter, the "Defendant Currency") seized on February 26, 2020, from the vehicle driven by Heather Luu on westbound Interstate 70 at mile marker 8, near Mack, Colorado. The Defendant Currency is currently being held by the U.S. Marshals Service in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

6. On February 26, 2020, a Mesa County Sheriff's Office investigator stopped a rented vehicle traveling westbound on Interstate 70 near the Colorado-

Utah state line for a traffic infraction. The driver identified herself as Heather Luu and the passenger identified himself as Kevin Nguyen. Luu's name was listed on the rental agreement.[1] Both Luu and Nguyen were extremely nervous and offered conflicting statements about their travel.

7. During the traffic stop, the law enforcement officer asked Heather Luu and Kevin Nguyen if there were any illegal narcotics or large amounts of currency in the vehicle. Both Luu and Nguyen responded "no."

8. The law enforcement officer then asked for permission to search the vehicle. Luu refused consent for a search and Nguyen gave consent for a search. The law enforcement officer then allowed a K-9 that is certified to detect the odor of cocaine, heroin, and methamphetamine to do a sniff of the air around the vehicle. The K-9 alerted to the rear hatch area of the vehicle. The law enforcement officer opened the rear hatch and the K-9 alerted to a black suitcase located in the trunk of the vehicle.

9. Upon opening the suitcase, the law enforcement officer discovered the Defendant Currency inside the suitcase. The Defendant Currency was separated into eight bundles that were wrapped in clothing and aluminum foil. Luu indicated that the black suitcase belonged to her and that the currency totaled $100,000.00. Luu

---

[1] Heather Luu and Kevin Nguyen were indicted under seal in the Southern District of Georgia in case number 4:20-cr-056. The Indictment contains three counts, for charges involving, Conspiracy to Commit Wire Fraud and Mail Fraud (Count One – 18 U.S.C. § 1349); Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance (Count Two – 21 U.S.C. § 846); and Money Laundering Conspiracy (Count Three – 18 U.S.C. § 1956(h).

stated that she borrowed the money from a friend, Terry, to help with her struggling laundromat business. Luu could not provide the friend's last name.[2]

10. SA Greenfield along with Intelligence Research Specialist Amber Jones conducted follow up on the traffic stop and money seizure from Luu and Nguyen. SA Greenfield and IRS Jones learned that Luu was an active subject of a DEA Drug Investigation. As part of that drug investigation by DEA agents were targeting Luu and communicating with Luu through cell phones, text messages as well as additional phone based applications in relation to drug distribution and money laundering.

11. Heather Luu and Kevin Nguyen were both Indicted in the Southern District of Georgia on July 8, 2020, in a three count indictment for charges involving, Conspiracy to Commit Wire Fraud and Mail Fraud (Count One – 18 U.S.C. § 1349); Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance (Count Two – 21 U.S.C. § 846); and Money Laundering Conspiracy (Count Three – 18 U.S.C. § 1956(h).

12. The Indictment in the Southern District of Georgia is currently under seal.

## FIRST CLAIM FOR RELIEF

13. The Plaintiff repeats and incorporates by reference the paragraphs above.

---

[2] The Government believes that "Terry" is likely either Terry Xing Zhao Wu or Terry Louis Shook, both of whom were also included in case number 4:20-CR-056.

14. By the foregoing and other acts, the Defendant Currency constitutes or was derived from proceeds furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of a controlled substance, or from money used, or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq*. Therefore, the Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

15. WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the Defendant Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendants Currency be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper.

This 26th day of August, 2020.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Xavier A. Cunningham*

Xavier A. Cunningham
Assistant United States Attorney
New York Bar Number 5269477

P.O. Box 8970
Savannah, GA 31412
(912) 652-4422

## VERIFICATION OF COMPLAINT FOR FORFEITURE *IN REM*

I, Special Agent Jason Greenfield with the U.S. Drug Enforcement Administration, have read the foregoing Complaint for Forfeiture *in Rem* in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 11/26 day of August 2020.

JASON GREENFIELD
SPECIAL AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION